# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| ASN Investment Group, | : | |
| | : | Case No. 25-13576 (DJB) |
| Debtor. | : | |
| | : | |

# O R D E R

**AND NOW**, upon consideration of the Motion of the United States Trustee to Dismiss Case (the "Motion") (Dkt. No. 6);

**AND**, a hearing on the Motion having been held on September 30, 2025 and for the reasons stated on the record;

It is hereby **ORDERED** that the Motion is **GRANTED** and the Debtor's bankruptcy case is **DISMISSED.*** 

Date: October 1, 2025

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

## *E N D N O T E

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor identified itself on the petition as a limited partnership but failed to list any attorney representation and purports to proceed *pro se*. See [Dkt. No. 1]. The U.S. Trustee filed a motion to dismiss the Debtor's case citing the inability of a limited partnership to proceed *pro se*. [Dkt. No. 6.]

In chapter 11 cases, corporations must be represented by counsel and may not appear *pro se*. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993); United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996); In re Kee, No. BR 11-16351 ELF, 2015 WL 5860492, at *2 (Bankr. E.D. Pa. Oct. 7, 2015). Similarly, an individual without a license to practice law cannot appear *pro se* as attorney-in-fact on behalf of a registered entity. See id. An LLC is equally subject to these limitations, even when the managing member or general partner purports to represent a registered entity. See In re 69 N. Franklin Tpk., LLC, 693 F. App'x 141, 144 (3d Cir. 2017). Lack of legal representation is sufficient reason to dismiss a bankruptcy case brought by a registered entity in federal court. See id.; In re Spencer C. Young Invs./Courtyard of Chapel Hill, LLC, No. 08-81852, 2009 WL 901654, at *3-4 (Bankr. M.D.N.C. Feb. 4, 2009).

Section 1112(b) of the Bankruptcy Code provides that, upon request of a party in interest and after notice and hearing, the court may dismiss a case for cause. Pursuant to the U.S. Trustee's Motion, proper notice having been served on the Debtor, and a hearing having been held, the Court finds the corporate Debtor's lack of representation sufficient cause to grant the Motion and dismiss the case.